UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DERRICK D. BAKER, <br><br> Plaintiff, <br><br> v. <br><br> G. SMITH, P. LAKE, SWAGGER, and JORDAN, <br><br> Defendants. | CAUSE NO. 1:24-CV-89-JD-JEM |

OPINION AND ORDER

Derrick D. Baker, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Baker alleges that on February 15, 2024, Officer Smith entered his cell to put a new wristband on his wrist. Baker, however, was asleep. In the process of putting the new wristband on, Officer Smith pinched Baker's skin when squeezing the two sides together to lock the wristband. This made Baker wake up and scream loudly in pain. Baker pulled back and told Officer Smith that he was hurting him.

This made Officer Smith angry, and he screamed, "Be still or I'll put you on lock down." ECF 1 at 2. Baker repeated that Officer Smith was hurting him. Then, Officer Smith started to pull and yank Baker's wrist very hard. Officer Smith put Baker's fingers in a hold that caused even more pain, almost pulling him off the bed. Baker again repeated that Officer Smith was hurting him. Once Officer Smith saw that he had caused injury to Baker, he let go.

Baker requested to see medical, but Officer Smith refused and called for command officers. Officer Lake and Officer Swagger arrived. They both saw the injury to Baker's wrist, but they both downplayed the situation as if it were Baker's fault, telling him that he shouldn't have been refusing to wear a wristband. Then Officer Swagger put the wristband on Baker's other wrist and placed him on lockdown, saying that he refused to let Officer Smith put a wristband on him. He refused to get Baker medical attention on the basis that he did it to himself because he refused the wristband.

Later that day in the medication line, Baker asked Nurse Jordan if she could look at his wrist. She looked at it and asked what happened to cause that injury. He explained what happened, she went into the back to talk to someone, then returned and said she could not see him and refused him medical treatment. Baker sues Officer Smith for excessive force and Officer Lake, Officer Swagger, and Nurse Jordan for deliberate indifference.

Baker alleges in the complaint that this happened while he was confined, awaiting trial. ECF 1 at 4. However, public records indicate that on November 27, 2023,

2

he was sentenced to a term of imprisonment at the Indiana Department of Correction after pleading guilty to an escape charge.[1] *See Indiana v. Baker*, No. 02D06-2302-F6-219 (Allen Super. Ct. decided Nov. 27, 2023), available at mycase.in.gov. He remains at the Allen County Jail pending resolution of other charges. *See Indiana v. Baker*, No. 02D06-2306-F3-41 (Allen Super. Ct. filed June 16, 2023); *Indiana v. Baker*, No. 02D06-2304-F2-20 (Allen Super. Ct. filed Apr. 17, 2023). Thus, following his sentencing on November 27, 2023, Eighth Amendment standards apply to his confinement. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)).

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Jails are dangerous places, and security officials are tasked with the difficult job of preserving order and discipline among inmates. It is important that prisoners follow orders given by guards. *Lewis v. Downey*, 581 F.3d 467, 476-77 (7th Cir. 2009) (citing *Soto v. Dickey*, 744

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

3

F.2d 1260, 1267 (7th Cir. 1984)). To compel compliance—especially in situations where officers or other inmates are faced with threats, disruption, or aggression—the use of summary physical force is often warranted. *Id*. at 477 (citing *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993)). That is not to say, however, that such justification exists "every time an inmate is slow to comply with an order." *Id.* Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Hendrickson*, 589 F.3d at 890. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the constitution. *Graham v. Conner*, 490 U.S. 386, 396 (1989) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

Here, Baker does not plausibly allege that Officer Smith used excessive force when attempting to put the wristband on him. By all accounts, the initial pinch of the skin was accidental. The resulting events describe a confusing scene, not a malicious attempt to cause Baker harm. In fact, Baker specifically alleges that Officer Smith stopped when he saw that he had caused injury.

Similarly, Baker does not plausibly allege that any of the defendants were deliberately indifferent to a serious medical need. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*,

4

511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Baker does not describe the injury in his complaint, and the struggle detailed here does not allow a reasonable inference that an injury requiring medical attention would have necessarily resulted. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (quotation marks, citations and footnote omitted). It is clear that Baker suffered some harm, but there is no factual matter suggesting his injuries were the type that needed medical treatment. And without a serious medical need, the lack of treatment does not state a constitutional claim.

5

This complaint does not state a claim for which relief can be granted. If Baker believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Derrick D. Baker until **May 30, 2024**, to file an amended complaint; and

(2) CAUTIONS Derrick D. Baker if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 25, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT